The Honorable Nathan V. George State Representative 11236 North New Hope Road Dardanelle, Arkansas 72834-7776
Dear Representative George:
I am writing in response to your recent request for my opinion on the following six (6) questions:
 (1) Pursuant to A.C.A. § 26-35-601, as amended, is a bank that holds a mortgage on real estate property, but not foreclosing and not holding an escrow account for taxes (per ACA § 26-35-201), required to pay delinquent business personal property taxes before the collector can accept real estate taxes?
 (2) Does it differ if the bank holds a mortgage on both the real estate and the business inventory (i.e., business personal property)?
 (3) Do the name on the real estate property and the name on the business personal property have to be the same in order to require payment of delinquent business personal property tax at the time of paying the real estate tax?
 (4) In cases of foreclosure, if the bank forecloses on the real estate, are they required to pay delinquent business personal property taxes at the time of paying the real estate tax? *Page 2 
 (5) If the bank mortgage covers personal property (inventory) and real estate property and the bank forecloses on both properties, are they required to pay delinquent business personal taxes at the time of paying the real estate tax?
 (6) If a bank is not required to pay business personal property taxes in the case of foreclosure, is the bank required to provide to the collector some proof of foreclosure, and, if so, what constitutes acceptable proof?
RESPONSE
In response to your first question, it is my opinion that a mortgagee, such as a bank, that holds a mortgage on real property without foreclosing is not required to pay the real property owner's personal property taxes, delinquent or otherwise, before the collector can accept payment of real estate taxes from said mortgagee. In response to your second question, I have found no authority suggesting that the response to your first question depends upon whether the mortgagee in question also has a lien on the real property owner's personal property. Your third question is rendered moot by my response to your first question. In response to your fourth question, it is my opinion that a mortgagee foreclosing on real property and wishing to pay real estate taxes on said property will first be required to pay the real property owner's delinquent personal property taxes. Your fifth and sixth questions are rendered moot by my response to your fourth question.
Question 1: Pursuant to A.C.A. § 26-35-601, as amended, is a bank thatholds a mortgage on real estate property, but not foreclosing and notholding an escrow account for taxes (per ACA § 26-35-201), required topay delinquent business personal property taxes before the collector canaccept real estate taxes?
In my opinion, a mortgagee simply holding, but not foreclosing, a mortgage on real property is not required to pay the real property owner's personal property taxes, delinquent or otherwise, before the county collector can accept payment of real estate taxes on the mortgaged property from said mortgagee. The relevant statute, A.C.A. § 26-25-601, provides in pertinent part: *Page 3 
 (a) Each county collector in this state shall be charged with the responsibility of collecting personal property taxes shown to be due . . . at the time the taxpayer pays the general taxes due on real estate.
 (b) Any county collector willfully accepting payment of general real estate taxes without requiring payment of personal property taxes due . . . shall be deemed guilty of a misdemeanor[.]
 * * * (c)(2) The provisions of this section shall not prevent any person, firm, partnership, or corporation from paying general real estate taxes on property securing the payment of indebtedness due the person, firm, partnership, or corporation seeking to pay the taxes.
A.C.A. § 26-35-601 (Supp. 2007).
As stated by one of my predecessors, "the clear intent of [subchapter26-35-601(c)(2)] is to permit a mortgagee or other lien holder to pay real estate taxes due upon the property that is the subject of the lien regardless of whether personal property taxes are then due from the mortgagor and regardless of whether any personal property taxes then due are simultaneously paid." Op. Att'y Gen. 95-289.
Question 2: Does it differ if the bank holds a mortgage on both thereal estate and the business inventory (i.e., business personalproperty)?
In my opinion, the answer to your first question does not depend upon whether the mortgagee in question also has a lien on the real property owner's personal property. The plain language of A.C.A. § 26-35-601(c)(2) makes no such distinction, and my research has uncovered no other authority on the subject.
Question 3: Do the name on the real estate property and the name onthe business personal property have to be the same in order to requirepayment of delinquent business personal property tax at the time ofpaying the real estate tax? *Page 4 
Because I opined in response to your first question that a mortgagee need not pay the real property owner's personal property tax in order to pay the real estate tax on the mortgaged property, your third question is rendered moot.
Question 4: In cases of foreclosure, if the bank forecloses on thereal estate, are they required to pay delinquent business personalproperty taxes at the time of paying the real estate tax?
As set forth in response to your first question, A.C.A. § 26-35-601(c)(2) gives a mortgagee or other lien holder the right to pay real estate tax on encumbered property, regardless of whether the real property owner owes any personal property tax at the time. However, as another of my predecessors opined, this right to pay real estate tax is qualified when the mortgagee forecloses on the real property in question. Op. Att'y Gen. 2000-092. This is because A.C.A. § 26-35-601(c)(3) requires the collector to accept real estate taxes at the time of a transfer in ownership only if all delinquent personal property taxes have been paid:
 (c)(3) Notwithstanding the other provisions of this section, a county collector shall accept payment of general real estate taxes on a parcel of property at the time the ownership of the property is being transferred if the taxpayer transferring title to the property has paid all delinquent personal property taxes.
Based on this language, it is my opinion that a mortgagee foreclosing on real property and wishing to pay real estate taxes on said property will first be required to pay the real property owner's delinquent personal property taxes. The county collector may not, however, require the mortgagee to pay such personal property taxes that are currently due, but not delinquent. Op. Att'y Gen. 2000-228.
Question 5: If the bank mortgage covers personal property (inventory)and real estate property and the bank forecloses on both properties, arethey required to pay delinquent business personal taxes at the time ofpaying the real estate tax?
Because I opined, in response to your fourth question, that a mortgagee who forecloses will be required to pay the real property owner's delinquent personal property taxes before being permitted to pay the real estate tax in any event, your fifth question is rendered moot. *Page 5 
 Question 6: If a bank is not required to pay business personalproperty taxes in the case of foreclosure, is the bank required toprovide to the collector some proof of foreclosure, and, if so, whatconstitutes acceptable proof?
Again, because I opined in response to your fourth question, that a mortgagee will be required to pay the real property owner's delinquent personal property taxes prior to being permitted to pay the real estate tax in the case of foreclosure, your sixth question is rendered moot.
Assistant Attorney General Jennie Clingan prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL, Attorney General *Page 1